UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN ATCHISON, on behalf of himself, all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., and DOES 1 through 100, inclusive,<br><br>     Defendants. | Lead Case No. ED CV17-00528 JAK (SPx)<br>*Consolidated with* Case No. ED CV17-01427 JAK (SPx)<br><br>**JUDGMENT**<br><br>**JS-6** |
| JAMES BLAIR, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ASHLEY DISTRIBUTION SERVICES, INC., and DOES 1 through 50 inclusive,<br><br>     Defendants. | |

On June 24, 2019, a minute order was entered granting Plaintiffs' Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees, Costs, Class Representative Enhancement/General Release Payments, Settlement Administration Expenses, and Entering Judgment. That order followed (i) an Order Re Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"); and (ii) the Class Action Settlement Agreement and Stipulation (hereinafter referred to as the "Settlement Agreement"). On June 27, 2019, the Court issued a separate and more detailed order granting Plaintiffs' Motion. Based on the ruling of final approval, IT IS HEREBY ORDERED, ADJUDGED:

1.      Pursuant to the Preliminary Approval Order, the Notice of Class Action Settlement (hereinafter referred to as the "Notice") was mailed to all members of the Class by first-class U.S. mail. The Notice informed the Class of the terms of the Settlement, of their right to receive their proportional Settlement Payment, of their right to request exclusion from the Class and the Settlement, of their right to comment upon or object to the Settlement and to appear in person or by counsel at the final approval hearing and of the date set for the Final Approval hearing. Adequate periods of time were provided by each of these procedures. Unless otherwise defined, the Court adopts the definition of the terms from the Class Action Settlement Agreement and Stipulation in this Judgment.

2.      In response to the Notice, no members of the Class filed a written Objection to the Settlement, no Class Members stated an intention to appear at the final approval hearing, and one Class Member requested exclusion from the Settlement. Of the 317 Class Members, 316 are Settlement Class Members and will receive settlement payments.

3.      This notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the Class Members' response. The Class Notice provided in conjunction with preliminary approval was the best notice practicable, which satisfied the requirements of law and due process.

4.     The terms of the Settlement Agreement are fair, reasonable and adequate to the Class and to each Class Member and that the settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated.

5.     The Court has certified a Class, for purposes of settlement only, defined as follows: "all persons who are employed or have been employed by Defendant ADS in the State of California as truck drivers during the Class Period in the position of California Less than Load Drivers ("CA LTL"), California Point to Point Drivers ("CA PTP"), California Yard Drivers, and/or California Shuttle Drivers. 'Class Members' additionally includes non-California Drivers ("Non-CA Driver") to the extent that Defendants' records show that the Non-CA Driver made at least 1 trip into California during the Class Period." The Class Period is from February 8, 2013 through August 23, 2018.

6.     Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), Defendant mailed notice of the proposed settlement to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides according to Defendant's records on April 5, 2018. Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied.

7.     David Mara and Jamie Serb of Mara Law Firm, PC and Norman Blumenthal, Kyle Nordrehaug, and Aparajit Bhowmik from Blumenthal Nordrehaug Bhowmik De Blouw LLP are Class Counsel in this action.

8.     Plaintiffs Alan Atchison and James Blair are the Class Representatives in this action.

9.     The individual settlement payments provided for by the terms of the Settlement Agreement to be paid to Settlement Class Members are fair and reasonable. Final approval of these payments has been made, and payments shall be made to the Settlement Class Members in accordance with the terms of the Settlement.

10. The payment to the California Labor and Workforce Development Agency of $7,500 as its share of the settlement of civil penalties, in this case, is fair, reasonable, and appropriate. Final approval as to that amount is approved and shall be paid in accordance with the Settlement.

11. By this Judgment, the Named Plaintiffs shall release, relinquish, and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims and PAGA Settled Claims, as defined in the Settlement Agreement.

12. The Class Representative enhancement and general release payments in the sum of $5,000.00 ($2,500.00 as an enhancement and $2,500.00 as consideration for a general release payment) to each Plaintiff/Class Representative Alan Atchison and James Blair is fair and reasonable. The Administrator shall make this payment to the Plaintiffs/Class Representatives in accordance with the terms of the Settlement Agreement.

13. The payment to be paid to the Settlement Administrator, ILYM Group, Inc. in the sum of $7,500.00 for its fee and expenses incurred is fair and reasonable. The Administrator shall make this payment to itself in accordance with the terms of the Settlement Agreement.

14. Pursuant to the terms of the Settlement, and the authorities, evidence, and argument submitted by Class Counsel, Class Counsel are awarded attorney's fees in the sum of $212,500.00 (25% of the Gross Settlement Amount) and litigation costs of $14,846.10. Such amounts are fair and reasonable. The Settlement Administrator shall make these payments in accordance with the terms of the Settlement Agreement.

15. Neither Defendant Ashley Distribution Services, Ltd. ("ADS") and Ashley Furniture Industries, Inc. ("Defendant") nor any Released Parties shall have any further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for by the Settlement Agreement.

16.    Nothing in this Judgment shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Judgment, including the requirement that Defendants make payments to Settlement Class Members in accordance with the Settlement Agreement.

17.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used by the plaintiff or Settlement Class Members as an admission of, or evidence of, the validity of any of the Class Members' Settled Claims, or of any wrongdoing or liability of Defendants or any of the other Released Parties; or (ii) is or may be deemed to be or may be used by any of the Named Plaintiffs or Settlement Class Members as an admission of, or evidence of, any fault or omission of Defendants or any of the other Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants or any of the other Released Parties may file the Settlement Agreement and/or the Judgment from this Action in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    The Parties shall bear their own costs and attorney's fees except as otherwise provided for by the Settlement Agreement and this Court's Order Granting Final Approval.

19.    Upon entry of this Final Judgment, the Action is hereby dismissed with prejudice as against Defendants.  Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation,

///
///
///

administration, implementation, effectuation, and enforcement of this order and the Settlement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: July 17, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE